**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| USC ENTERPRISE, LLC | PLAINTIFF/ COUNTER-DEFENDANT |
| v. No. 2:15CV00042-JLH | |
| SALAMAT SHAH; and ROOZIMAN SHAH | DEFENDANTS/ COUNTERCLAIMANTS/ THIRD-PARTY PLAINTIFFS |
| v. | |
| CHOUDHRY AHMED | THIRD-PARTY DEFENDANT |

**OPINION AND ORDER**

USC Enterprise, LLC brings this action against Salamat Shah and Rooziman Shah alleging claims for fraud[1] and breach of implied warranty. Salamat and Rooziman have filed a counterclaim against USC Enterprise for breach of contract and for a violation of Ark. Code Ann. § 4-60-103, and have filed a third-party complaint against Choudhry Ahmed–the sole member of USC Enterprise–for a violation of Ark. Code Ann. § 4-60-103. The dispute between the parties arose out of USC's purchase of a convenience store and gas station business from Salamat and Rooziman. The complaint alleges that the defendants made several misrepresentations to Ahmed about the business and that the defendants sold goods to Ahmed that were not fit for ordinary use. The defendants allege in return that USC failed to pay the full, agreed-upon purchase price for the business. Salamat and Rooziman have filed a motion to dismiss USC's claims pursuant to Federal Rule of Civil

---

[1] The complaint includes a separate claim for "Misrepresentation and Deceit," but the elements of fraud and the elements of deceit are the same. *Allen v. Allison*, 356 Ark. 403, 155 S.W.3d 682 (2004). And while an intentional misrepresentation is an element of a claim for fraud and deceit, it is not an independent cause of action.

Procedure 12(b)(6), or in the alternative, a motion for summary judgment pursuant to Rule 56.[2] Document #17. In the same filing, Salamat and Rooziman moved for summary judgment pursuant to Rule 56 on their counterclaim and third-party complaint.

For the following reasons, the motion to dismiss the claims for fraud and breach of implied warranty of merchantability is granted. Because the complaint is insufficient, the motion for summary judgment on these claims is denied as moot. Salamat and Rooziman also argue they are entitled to judgment as a matter of law on the counterclaim and third-party claim. Because USC and Ahmed have shown that there are genuine disputes of material fact as to whether there was a breach of contract and whether Salamat and Rooziman are entitled to relief under Ark. Code Ann. § 4-60-103, the motion is denied.

The complaint does not provide many background facts. USC is an Arkansas limited liability company. Ahmed is its sole member, but his brother–Muhammed Zameer–helped him prepare the filing documents. Ahmed formed USC in order to operate the business at the core of this dispute. The business is located at 3300 North Washington Street in Forrest City, Arkansas. Ahmed learned that the business was for sale through an advertisement on the internet. USC purchased[3] the business from Salamat and Rooziman. The purchase included goodwill, all unexpired store inventory, and other assets. USC gave Salamat Shah a check for $50,000, a check for $8,120, $20,000 cash, and earnest money in the amount of $5,000. The bank returned the check for $8,120, stating that it was unable to locate the account.

---

[2] The plaintiff's motion for leave to supplement its response to the motion to dismiss and motion for summary judgment is GRANTED. Document #27.

[3] Salamat and Rooziman did not own the building. At the time the parties entered into the contract, 3300 North Washington, LLC, owned the real property and leased it to Rooziman.

**I.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

**A.     Fraud.**

To state a cause of action for fraud, a plaintiff must allege (1) a false representation of material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance on the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, 13, 372 S.W.3d 324, 333. In addition to meeting the pleading requirements of Rule 8(a), parties alleging fraud must comply with Rule 9(b). Under Rule 9(b), a party must "state with particularity the circumstances constituting

fraud . . . ." The Eighth Circuit has interpreted Rule 9(b) to require plaintiffs to plead the who, what, when, where, and how of alleged fraudulent actions. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). "[T]he complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

USC has failed to allege its fraud claim with sufficient particularity. First, the complaint ambiguously refers to the "Defendant(s)" and fails to identify who made the alleged misrepresentations of material fact. Document #2 at 3, 5 ¶¶12, 23. Though the complaint alleges that the "Defendant(s)" made several misrepresentations about various subjects, one cannot ascertain whether Salamat and Rooziman, Salamat, or Rooziman, made each misrepresentation. *Id.* This fact is required to satisfy Rule 9(b). *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997). Second, while the complaint alleges the general subject-matter of each misrepresentation, no facts are alleged as to the actual content of several misrepresentations. It is the content of those representations that either makes them true or false.

For example, paragraph 12 alleges:

12. That on information and belief,[4] the false representations concerning the business included but are not limited to the following:

> (a) the condition, quality and age of the gasoline inventory sold at the time of closing.
>
> \* \* \*

---

[4] Some of the information in paragraph 12 is information about which USC has direct knowledge, given that the complaint alleges that the "Defendant(s)" made the false representations to Choudhry and given that Choudhry took possession of the gas and other inventory. *See* Document #2 at 2, ¶11.

>   (c) the profits of the business, including but not limited to, the amount of sales, the number of gallons of gasoline sold and overall business profitability.
>
> \* \* \*
>
>   (f) inventory which was expired, of low quality, intentionally upgraded in price, malfunctioning and/or legally prohibited or obtained.

Document #2 at 3, ¶12. From these allegations, the Court cannot ascertain the content of the misrepresentations. For example, the complaint alleges in a conclusory fashion that either Salamat or Rooziman, or both, lied to Ahmed about the age of the gasoline inventory. But a general allegation that false representations were made in connection with the sale of a business is not particular enough to sustain a claim for fraud. "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b)]." *Schaller Tel. Co. v. Golden Sky Sys. Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (quoting *Commercial Prop.*, 61 F.3d 639, 644 (8th Cir. 1995)). What did Salamat or Rooziman, or both, tell Ahmed about the age of the gas? How old is the gas? USC must allege facts to support the conclusory allegations that the "Defendant(s)" lied. This information, along with who made each false representation, is necessary to accomplish the purpose of Rule 9(b)–to enable defendants "to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." *Schaller Tel. Co.*, 298 F.3d at 746. Because USC did not comply with Rule 9(b), the fraud claim–Counts I and II–is dismissed without prejudice.

**B.      Breach of Implied Warranty of Merchantability.**

To state a cause of action for breach of implied warranty of merchantability, a plaintiff must allege that (1) he sustained damages; (2) the goods were not fit for the ordinary purpose for which such goods are used; (3) the unmerchantable condition was a proximate cause of the damages; and (4) he was a person whom the defendant might reasonably expect to use or be affected by the goods.

*F.L. Davis Builders Supply, Inc. v. Knapp*, 42 Ark. App. 52, 57-58, 853 S.W.2d 288, 290 (1993) (citing Ark. Code Ann. § 4-2-314 (1987)).  In addition, a plaintiff must allege that he gave the seller notice of the breach within a reasonable time.  *Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 888 S.W.2d 303 (1994) (citing Ark. Code Ann. § 4-2-607(3)(a) (Repl. 1991)).  USC makes only conclusory allegations in support of its claim for breach of implied warranty of merchantability.  *See* Document #2 at 6-7, ¶¶30-35.  The complaint alleges:

> 32.  That there was an implied warranty of merchantability to the goods sold to Plaintiff in which the goods sold to Plaintiff by Defendant were fit for ordinary purposes of comparable quality.
>
> 33.  That on information and belief the goods sold to Plaintiff by Defendant were not fit for ordinary purposes for which they were intended and were not of comparable quality, including the gasoline and gasoline pumps.
>
> 34.  That because the goods were not fit for ordinary use and were not of comparable quality, the defendants breached the implied warranty of merchantability.
>
> 35.  That due to the breach of implied warranty by Defendant(s) upon which Plaintiff reasonably relied, Plaintiff has been damaged to the extent of more than $370,629.00.

*Id*. at 7, ¶¶32-35.  This is a formulaic recitation of the elements of a cause of action for breach of implied warranty of merchantability.  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.  The only statements contained in these allegations unique to this case are the cursory references to the gasoline and gasoline pumps, and the amount of damages.  Though USC is not required to set out detailed factual allegations, it must allege some facts in support of its claim in order for the Court to draw a reasonable inference that Salamat and Rooziman are liable for the alleged breach.  Because USC failed to comply with Rule 12(b)(6), the claim for breach of implied warranty of merchantability–Count III–is dismissed without prejudice.

### III.

Salamat and Rooziman filed a counterclaim against USC alleging a breach of contract and a violation of Ark. Code Ann. § 4-60-103, and a third-party complaint against Ahmed for a violation of Ark. Code Ann. § 4-60-103.  Document #3.  They have moved for summary judgment in their favor on this claim.  Document #17.  A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

Because Salamat and Rooziman bear the burden of proof on their claims at trial, they must first affirmatively show that, on all the essential elements of their claims, no reasonable jury could find for USC or Ahmed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986) (Brennan, J. dissenting); *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015); *Smith v. Ozmint*, 578 F.3d 246, 250 (4th Cir. 2009); *United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Cnty*. 941 F.2d 1428, 1438 (11th Cir. 1991); *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  "In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it.  Anything less should result in the denial of summary judgment." *Leone*, 810 F.3d at 1153 (quoting 11 JEFFREY W. STEMPEL AND STEVEN S. GENSLER MOORE'S FED. PRACTICE, § 56.40[c][c] (3d Ed. 2015)).  Salamat and Rooziman

have failed to produce such strong evidence and furthermore, USC and Ahmed have produced evidence demonstrating the existence of triable issues of material fact.

First, to prevail on the breach of contract claim, Salamat and Rooziman must show that there is no genuine dispute as to (1) the existence of a valid and enforceable contract; (2); the obligation of USC thereunder; (3) a violation by USC; and (4) damages resulting from the breach. *Perry v. Baptist Health*, 358 Ark. 238, 244, 189 S.W.3d 54, 58 (2004). "As a general rule, the failure of one party to perform his contractual obligations releases the other party from his obligations. However, a relatively minor failure of performance on the part of one party does not justify the other in seeking to escape any responsibility under the terms of the contract; for one party's obligation to be discharged, the other party's breach must be material. An influential circumstance in the determination of the materiality of a failure to fully perform a contract is the extent to which the injured party will obtain the substantial benefit that she reasonably anticipated." *Boellner v. Clinical Study Ctrs.*, 2011 Ark. 83, 10, 378 S.W.3d 745, 753. USC has asserted the affirmative defense of unclean hands and created–through the deposition testimony of Ahmed and Zameer–a dispute as to whether Salamat and Rooziman held up their end of the bargain. A jury is entitled to evaluate the credibility of Ahmed and Zameer's testimony and a reasonable juror could believe it. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513; *Hunt v. Cromartie*, 526 U.S. 541, 553, 119 S. Ct. 1545, 143 L. Ed. 2d 731 (1999). This is sufficient to preclude summary judgment on the breach of contract counterclaim.

Second, Ark. Code Ann. § 4-60-103 requires the issuer of a check to make restitution for the dishonored check, if the check was not paid because the check was written on an account with insufficient funds. Ahmed gave Rooziman a check for $8,120. Salamat and Rooziman produced

the check, upon which the bank stamped: "RETURN REASON (E) UNABLE TO LOCATE ACCOUNT." Document #25-10.  USC and Ahmed argue that insufficient funds was not the reason the bank returned the check.  Document #25 at 21.  Salamat and Rooziman argue that Ahmed admitted in his deposition that the $8,120 check was never paid.  Document #28 at 31.  When asked if USC still owed that money to Rooziman if the check was not honored by the bank, Ahmed responded: "Yeah, but what is the reason? Why this not honored when the money was there?" Document #28 at 31.  Ahmed did not admit that there were insufficient funds in the account to pay the check.  He stated: "This is a bank error.  This is not my problem.  The money was all the time there."  Document #25-1 at 24.  Therefore, there is a genuine dispute as to why the check was not paid.  The statute does not apply if the check was not paid for any other reason than insufficient funds.  Salamat and Rooziman are not entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is GRANTED.  Document #17. Counts I, II, and III of the complaint are dismissed without prejudice.  The defendants' motion for summary judgment is DENIED.  Document #17.

IT IS SO ORDERED this 4th day of August, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE